**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

|  |  |
|---|---|
| **CSI AVIATION, INC.** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) Case No. 25-1338C |
| v. | ) |
|  | ) Judge Matthew H. Solomson |
| **UNITED STATES** | ) |
|  | ) |
| **Defendant,** | ) |
|  | ) |

### SALUS WORLDWIDE SOLUTIONS CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), Salus Worldwide Solutions Corporation (Salus), by its undersigned counsel, submits this Memorandum in support of its Motion to Intervene ("Motion"). As set forth below, Salus is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, Salus should be permitted to intervene in accordance with RCFC 24(b). In support of Salus's Motion, Salus states as follows.

**I.    STATEMENT OF FACTS**

In this bid protest, CSI Aviation, Inc. ("CSI") challenges the Department of Homeland Security's ("DHS" or "Agency") decision to award Salus a contract under Solicitation No. 70RDA225R0000008 ("Solicitation"), titled "U.S. Department of Homeland Security (DHS) Office for Strategy, Policy, and Plans (PLCY) Comprehensive Support to Removal Operations (CSRO) Support Services." CSI filed this protest at the Court of Federal Claims on August 11, 2025.

**II.     ARGUMENT**

    **A.     Salus is Entitled to Intervene as a Matter of Right**

Under RCFC 24(a), a party has a right to intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2). "The requirements for intervention are to be construed in favor of intervention." *SAGAM Securite Senegal v. United States*, 156 Fed. Cl. 124, 126 (2021) (citing *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Here, intervention is proper because (a) Salus has timely applied for intervention; (b) Salus is the awardee under the Solicitation and therefore has a direct and immediate interest in the litigation as its economic well-being will likely be affected by the Court's resolution of this bit protest; (c) Salus's protection of its interest will be impaired or impeded without its participation; and (d) Salus's interest will not be adequately represented by the existing parties.

        1.     Salus's Motion is Timely

The Federal Circuit has set forth three factors in determining the timeliness of a motion to intervene:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his right to intervene in the case before he applied to intervene; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention; and (3) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*See id.* (cleaned up).

Salus's motion is timely because it was filed within two business days of August 11, 2025, the date on which CSI filed its Complaint, and before any deadline in a Court scheduling order.

*See Superior Optical Labs, Inc. v. United States*, 171 Fed. Cl. 50, 54 (2024) (finding motion to intervene filed "before the deadline set by the Court's scheduling order [] and more than a month before its motion for judgment on the administrative record would be due" to be timely).

        2.      <u>Salus Has a Direct Interest in this Action</u>

Salus is the awardee under the Solicitation, which CSI challenges in this protest. Therefore, Salus has a direct, legally protectable interest that Salus stands to lose by operation of a judgment resolving this case in favor of CSI. *See Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778 (2022) (granting awardee's motion to intervene as a matter of right); *see also Superior Optical Labs, Inc.*, 171 Fed. Cl. at 56-57 (granting motion to intervene by "likely awardee" of contract as a matter of right).

        3.      <u>Salus's Protection of Its Interest Will be Impaired Without its Participation</u>

Any remedy requested by CSI in this protest would necessarily impact Salus's contract award and likely hinder Salus's performance under the contract. As such, intervention is also proper because Salus's protection of its interest in its contract award will be impaired or impeded without its participation in this action. *See Superior Optical Labs, Inc*, 171 Fed. Cl. at 56 (finding protection of potential awardee's interest in contract award would be impaired if not permitted to intervene).

        4.      <u>The Other Parties in this Litigation Cannot Adequately Represent Salus's Interests</u>

Finally, intervention as a matter of right is proper because Salus's interests are not adequately protected by the United States. "The burden of demonstrating inadequacy of representation is not heavy: according to the Supreme Court, this requirement 'is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" *Klamath Irrigation Dist. v. United States*, 64 Fed. Cl.

3

328, 336 (2005) (citation omitted). As this Court had explained, when the Government "acts as a market participant not as the sovereign — its 'specific litigation goals' differ from those of offerors. The government wants to defend its procurement processes and receive contractual performance; the offerors want to receive an award and get paid for work." *Superior Optical Labs, Inc.*, 171 Fed. Cl. at 54 (citations omitted). Likewise, here, Salus's interest in protecting its contract award differs from the interests of the Government.

For these reasons, this Court should grant Salus's Motion as a matter of right.

B.      **Salus Should be Permitted to Intervene**

Alternatively, Salus should be permitted to intervene pursuant to RCFC 24(b)(1)(B) which provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Salus's anticipated defenses in this action are likely to implicate common questions of fact and law as the defenses to be raised by the United States. To be sure, this Court has recognized permissive intervention in circumstances where the intervenor was not the current awardee of the contract due to their previous award being vacated following earlier protests filed with the Government Accountability Office, because intervenor's arguments "'would arise from the same procurement, reflected in the same administrative record, and [be] governed by the same law.'" *AirBoss Def. Grp., LLC v. United States*, 171 Fed. Cl. 240, 246 (2024) (noting that prior decisions of the court "concluded permissive intervention would be warranted for the offeror that would be 'perform[ing] the work and receiv[ing] payment' under an at-issue contract, even if that offeror 'has not itself been sued,' because 'its arguments [were] the *kind* that *can* be raised in litigation'") (quoting *Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778, 782-83 (2022)). Here, Salus is the awardee and is

4

currently performing the contract, and therefore, undoubtedly has a claim or defense that has a question in common with CSI's protest.[1]

### III. CONCLUSION

For the foregoing reasons, Salus is entitled to intervene (1) as a matter of right under RCFC 24(a); or, alternatively (2) by permission under RCFC 24(b), and Salus respectfully requests that the Court grant the instant Motion and award such other and further relief as the Court deems necessary and appropriate under the circumstances.

Dated: August 13, 2025

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

/s/ Scott Flesch
Scott Flesch
900 16th Street N.W.
Washington, DC 20006
Tel.: 202-626-1584
Fax.: 202-626-5801
Email: sflesch@milchev.com

*Counsel of Record for Salus Worldwide Solutions Corporation*

*Of counsel:*

Alex L. Sarria (asarria@milchev.com)
Connor W. Farrell (cfarrell@milchev.com)

---

[1] While CSI wants the Court to ignore this fact, Salus would likely be granted intervention status even if the Government were to take corrective action. *See AirBoss Def. Grp., LLC v. United States*, 171 Fed. Cl. 240 (2024).