# In the United States Court of Federal Claims

No. 25-1338C

(Filed: February 5, 2026)

|  |  |
|---|---|
| **CSI AVIATION INC.,** | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant,* | ) ) |
| **SALUS WORLDWIDE SOLUTIONS CORPORATION,** | ) ) ) |
| *Defendant-Intervenor.* | ) ) ) |

## ORDER

On August 8, 2025, Plaintiff, CSI Aviation, Inc. ("CSI"), filed a bid protest in this Court, challenging the Department of Homeland Security's ("DHS") solicitation for an indefinite-delivery, indefinite-quantity ("IDIQ") contract ultimately awarded to Salus Worldwide Solutions Corporation ("Salus") following a procurement process of restricted competition. ECF No. 1 ("Compl."). The result of the limited competition was that DHS precluded CSI from competing for the resulting contract: Comprehensive Support to Removal Operations ("CSRO") Support Services, supporting various aspects of DHS's efforts to facilitate both voluntary, self-deportations and to conduct involuntary removals of illegal aliens from the United States. *See* AR 1881, 1891. The challenged request for proposals ("RFP") — and the contract ultimately awarded to Salus — covered a one-year base period and two one-year option periods. *See* AR 962, 1887-98. The one-year base period began on or around May 17, 2025. AR 1891.[1] CSI's complaint — in the prayer for relief — requests that this Court enjoin the performance on the base-period and "***at minimum***," enjoin "performance of the contract beyond the one-year mark after performance began." Compl. at 28 (emphasis added).

---

[1] The award was finalized on May 16, 2025. AR 1887.

Earlier today, this Court held oral argument, *see* ECF No. 46, on the parties' cross-motions for judgment on the administrative record ("MJARs"), ECF Nos. 26, 32, 33; Solus's MJAR included a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that CSI lacked "interested party" status and standing pursuant to 28 U.S.C. § 1491(b).[2] During oral argument, CSI's counsel reduced the scope of relief CSI seeks. In particular, CSI now asks this Court only to enjoin the government from exercising the option periods — but not the base period Salus is currently performing. In response — and seemingly to the surprise of all present in the courtroom — counsel for the government broke the news that DHS intends to issue either a presolicitation notice or an RFP — *as early as today* — for a replacement CSRO contract to replace the option periods in the CSRO contract that Salus is currently performing.

While this Court initially suggested that issuing a pre-solicitation notice or a new RFP covering the option years might moot CSI's now-narrowed request for injunctive relief, the parties and the Court ultimately agreed that neither of those events would be sufficient to moot the pending motions. That is because the government would remain free to cancel the new RFP and, instead, choose to exercise the one-year option periods. Put yet differently, absent an injunction, precluding the government from exercising the options at issue, the government would still be able to jettison any new procurement in favor of the option periods.

Nevertheless, after further consideration, this Court concludes that there is a path to moot the pending motions. Specifically, to moot the pending motions, the government, at a minimum, would have to stipulate before this Court that DHS will not exercise the one-year option periods at issue, but will instead commit to fully competing the covered work.

Accordingly, while this Court still intends to decide the parties' MJARs — and Salus's motion to dismiss — as early as practicable, this Court will provide the parties with 14 days to meet-and-confer regarding whether and how DHS may intend to moot the pending motions (*e.g.*, by committing to this Court, or by agreement of the parties,

---

[2] All parties further filed their respective responses and replies. *See* ECF Nos. 36, 38, 39. While the government also challenged CSI's "interested party" status, ECF No. 33, the government did not specify whether it was seeking dismissal pursuant to RCFC 12(b)(1), RCFC 12(b)(6), or a ruling on merits prejudice.

2

that the government will *not* exercise the current contract's options).  Accordingly, on or before February 19, 2026, the parties shall file a joint status report, indicating whether the parties were able to reach an agreement — or an agreement in principle, at a minimum — rendering moot CSI's request for injunctive relief.

    **IT IS SO ORDERED**.

s/Matthew H. Solomson<br>
Matthew H. Solomson<br>
Chief Judge