# In the United States Court of Federal Claims

**BID PROTEST**

(Filed: February 23, 2026)

| | |
|---|---|
| **CSI AVIATION, INC.,** | **Redacted Version** |
| *Plaintiff,* | |
| | Case No. 25-1338C |
| v. | |
| **THE UNITED STATES,** | Judge Solomson |
| *Defendant,* | |
| and | |
| **SALUS WORLDWIDE SOLUTIONS CORPORATION,** | |
| *Defendant-Intervenor.* | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, CSI Aviation, Inc. ("CSI"), respectfully requests leave to amend its Complaint, pursuant to Rule 15(a)(2) of the Rules of the Court of Federal Claims ("RCFC"). As this Court already has signaled, the Department of Homeland Security's ("DHS" or the "Agency)" conduct with regard to its award of a multi-year, billion-dollar Indefinite-Delivery, Indefinite Quantity (IDIQ) contract to Defendant-Intervenor, Salus Worldwide Solutions Corp. ("Salus")[1] raises significant questions. Yet despite being given the opportunity by this Court to mitigate the competitive harm of its actions and recompete future services under the Comprehensive Support to Removal Operations ("CSRO") Support Services program, DHS has elected to disregard the

---

[1] Plaintiff will refer to the Agency and Defendant-Intervenor collectively as the "Defendants."

comments of this Court and proceed with exercising patently unlawful option periods under a contract purportedly awarded on an urgent and compelling basis. In service to maintaining the integrity of the procurement process and safeguarding the public's interest, this Court should not permit DHS to extend Defendant-Intervenor's contract.

Even though DHS conceded before the Government Accountability Office ("GAO") that Plaintiff ***would be*** an offeror seeking to win the contested contract if the Agency were found to have improperly invoked the urgent and compelling exception to full and competition, Defendants now seek to thwart this Court's review of the Agency's actions by seeking to dismiss Plaintiff's bid protest on the grounds that it is not an interested party. At oral argument, DHS conceded that there are presently facts within the record before this Court that plainly establish Plaintiff's interested party status for purposes of this Court proceeding to the merits of this dispute. For this reason, and in the interest of justice, Plaintiff now seeks leave to amend its Complaint to resolve the issue of its interested party status.

As explained below, CSI seeks leave to amend its Complaint to add factual allegations that have already been presented to the Court, have already been fully addressed in the parties' briefing, and that would not alter either CSI's protest allegations and arguments relating to DHS's procurement here or Defendants' responses to those challenges. Granting CSI's request here is consistent with the Court's rules, is in the interest of justice, and would accelerate, rather than delay, the resolution of this case by mooting Salus' pending Rule 12(b)(6) motion to dismiss for failure to state a claim without the need for any additional briefing. Accordingly, CSI respectfully requests that the Court grant CSI leave to amend its Complaint.

CSI certifies that it has in good faith conferred with opposing counsel regarding this Motion, and that it has been advised that Defendants do not consent to the amendment of CSI's Complaint and intend to oppose this Motion.

## I.    Legal Standard

RCFC 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" but expressly states that "[t]he court should freely give leave when justice so requires." As the Supreme Court has explained, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). Instead, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 182. Therefore, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*; *see Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989) (applying the *Foman* standard); *Madison Servs., Inc. v. United States*, 90 Fed. Cl. 673, 683 (2009) (applying *Foman* standard and granting leave to amend where "[i]f the court were to deny plaintiff's motion to amend (or, rather, to supplement) its complaint, forcing plaintiff to file a new petition, nothing would be gained save the court's collection of a new filing fee"); *CanPro Invs., Ltd. v. United States*, 165 Fed. Cl. 397 (2023) (justice required allowing lessor's amendments to its complaint to add new factual allegations and replead previously dismissed breach of contract claim).

## II.    <u>Argument</u>

**A.    Justice Requires That the Court Resolve CSI's Protest on Its Merits**

As this Court already informed the parties, DHS's conduct in this procurement raises serious questions about the propriety of the award of the contract to Salus:

- "[T]his procurement record is not what I would call a model of excellence." Tr. at 85:6-7.

- "[Y]ou don't make any allegations about OCIs or bad faith or anything like that here, although it wouldn't have been an insane thing to argue." Tr. at 97:6-9.

- "[I]f I were Plaintiffs, I would have alleged here that you were determined to award to Salus and the rest was just cover. And I think that would be a solid argument . . ." Tr. at 104:18-21.

- "[I]t's the interactions with Salus and the way this develops and how they make cutoffs . . . its just not a good look." Tr. at 113:5-8.

But beyond that initial (unlawful) award—ostensibly to address an urgent and compelling situation—what is at issue here is DHS's stated intention to continue issuing task orders to Salus for ***another two years*** under a statutory provision that expressly limits its usage to one year, at most. This attempted invocation of the urgent and compelling exception to justify a three-year contract should be reviewed on its merits by this Court.  As a result, justice requires that CSI be granted leave to amend its Complaint to add factual allegations to address any outstanding questions as to the interested party question of standing to allow the Court to proceed to the merits of Plaintiffs' claim.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

There has been no contention by either the Government or Salus that the underlying facts or circumstances relied upon by CSI as the basis for this pre-award protest are not a proper subject

4

of relief. *See generally*, Def.'s Mot. for J. on the Admin. R., ECF No. 33 at 10–15; Def.-Intervenor's Mot. For J. on the Admin. R., ECF No. 32 at 11–15. Defendants claim only that CSI's Complaint does not establish that CSI is a "qualified bidder," which is not a charge that CSI's protest allegations are irremediable by this Court. As such, CSI "ought to be afforded an opportunity to test [its] claim on the merits." *Foman*, 371 U.S. at 182.  Moreover, there can be no reasonable contention from Defendants that Plaintiff's requested amendments would not address the interested party issue. The amendments to CSI's Complaint would be limited to information that already has been presented to both Defendants and the Court, including the Declaration of Mr. DeLucia, ECF No. 36-1, which was submitted with CSI's response to Defendants' collective motions to dismiss. Importantly, the Government has already acknowledged that these facts (already before this Court) are sufficient to moot the pending motion to dismiss under Rule 12(b)(6). *See* Oral Arg. Tr. at 40:5–24, ECF No. 50. At oral argument, the Government agreed that "if [CSI] had included the facts from this affidavit in the complaint . . . that would probably be enough at the allegation phase . . . to get their complaint past standing scrutiny." Tr. 40:5–9, 40:22–24. Thus, by this Motion, all CSI seeks is to procedurally resolve any outstanding question as to standing and allow the Court to issue a decision on the merits, which can be accomplished without any additional briefing.  Under both the letter and spirit of the Court's Rules, CSI should be permitted to amend its Complaint to resolve this issue.

**B.    There Are No Reasonable Bases To Deny CSI's Requested Amendment**

In its decision in *Foman*, the Supreme Court listed several potential rationales for denying a party's request for leave to amend its compliant. But as discussed below, none of those considerations provide a justification  deny CSI's leave to amend here.

### 1.    CSI's Amendment is Not Futile

First, for the reasons explained above, CSI's proposed amendment would not be futile because CSI's amended Complaint would resolve any remaining issues regarding the interested party question of standing. "The appropriate test for futility, when there is a question as to whether the proposed amended complaint states a claim upon which relief may be granted, is . . . [whether] the allegations of proposed amended complaint . . . state a plausible claim for relief." *Campbell v. United States*, 137 Fed. Cl. 54, 56-57 (2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)). CSI's amended Complaint will add factual allegations from the DeLucia Declaration, which the Government has agreed would be sufficient to overcome "standing scrutiny," thereby confirming CSI has stated a plausible claim for relief. *Cf. Smith v. United States*, 120 Fed. Cl. 455, 457–58 (2015) (granting leave to amend class-action complaint where amendment would not be futile because plaintiff planned to add sufficient facts so as to overcome defendant's motion to dismiss for failure to state a claim). The Court may then rule on the merits of CSI's protest allegations, which will be unchanged by CSI's addition of facts relating to standing and which have already been fully briefed by the parties. Thus, amendment of CSI's Complaint is not futile.

### 2.    Neither Defendant Will Be Unduly Prejudiced By CSI's Amended Pleading

Second, neither Defendant will be unduly prejudiced by allowing CSI to amend its Complaint. Undue prejudice provides a justification for leave to amend only when a non-movant demonstrates that one of the following circumstances will result: "severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research shortly before trial due to the introduction of new evidence or legal theories; or excessive delay that is unduly burdensome."

*FreeAlliance.com, LLC v. United States*, 173 Fed. Cl. 598 (2024) (quoting *Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 549–50 (2021)). Further, "[m]ere annoyance and inconvenience ... are insufficient bases to warrant a denial of a motion to amend." *Id.* (citation omitted).

Here, the Defendants will not be unduly prejudiced because CSI's amendment is not introducing new facts or legal theories nor is it the product of excessive delay. As illustrated in the proposed amended Complaint, CSI seeks to incorporate facts that were already presented to Defendants and the Court in CSI's combined Response to Defendants' Motion to Dismiss and Reply to Defendants' Cross-Motions for Judgment on the Administrative Record. *See* ECF No. 36. And as particularly relevant here, Defendants already have responded to those facts in their reply briefs.[2] *See* Def.'s Reply, ECF No. 38 at 1–5; Def.-Intervenor's Reply, ECF No. 39 at 2–5. Further, the amendment will not alter either CSI's allegations of error in the procurement process or Defendants' responses to those challenges, because the amendments will go only to CSI's status as a qualified bidder. *See Red River Commc'ns, Inc. v. United States*, 109 Fed. Cl. 497 (2013)

---

[2] Alternatively, the Court can determine CSI established standing through its Response and Reply brief. Other courts have "allowed a petitioner to establish standing in its reply brief in two narrow circumstances: first, if the petitioner 'reasonably, but mistakenly, believed' that its opening brief adequately proved standing; and second, if the petitioner 'reasonably assumed' that its standing was "self-evident" from the administrative record." *Seirra Club v. United States Dept. of Energy*, 107 F.4th 1012, 1015 (D.C. Cir. 2024) (quoting *Twin Rivers Paper Co. v. SEC*, 934 F.3d 607, 613 (D.C. Cir. 2019)). It has also been permitted "if a reply brief fleshes out a timely raised theory of standing and also makes standing "patently obvious and irrefutable." *Id.* (citation omitted).

In this case, CSI reasonably assumed its standing was "self-evident" as the Agency never raised an issue of standing in the preceding GAO protest. DHS in fact conceded that if it "would have conducted a full and open competition . . . [CSI] would have seen the notice and had a chance to compete." *See* Pl.'s Mot. for J. on the Admin. R. at 33 n.12, ECF No. 26. CSI also believed its standing was self-evident since Defendants did not file a motion to dismiss before producing the administrative record or before CSI's opening brief was filed, and instead waited four months to file their motions to dismiss. Moreover, as the Government acknowledged at oral argument, CSI's Reply brief makes standing obvious and irrefutable. *See* Tr. at 40:5–24. Accordingly, this Court can consider CSI's reply as establishing standing without the need for an amended Complaint. *See Seirra Club*, 107 F.4th at 1015; *Americans for Safe Access v. DEA*, 706 F.3d 438, 443–45 (D.C. Cir. 2013) (finding supplemental filings establishing standing proper for consideration).

(granting leave to amend bid protest complaint where amendment would not alter essence of protester's challenges to solicitation or government's responses to those challenges). As a result, there is no need for additional briefing because the parties' briefing on the merits will be unaffected. Instead, the amendment would moot the pending motion to dismiss and allow the Court to issue a decision solely on the merits of CSI's protest.

### 3.    Granting CSI's Motion Will Not Unduly Delay This Protest

Third, there is no reason to deny CSI's motion to amend on the basis of undue delay. As the predecessor of this Court recognized, "[m]ere delay is insufficient to bar amendment of pleading" where there will be no prejudice. *Hess v. United States*, 210 Ct. Cl. 483, 490 (Ct. Cl. 1976) (granting defendant leave to amend pleadings where plaintiffs would not be prejudiced because plaintiffs "knew at some time prior to oral argument that estoppel was an issue and were able to brief and argue the point"). As explained above, Defendants will suffer no prejudice from CSI amending its Complaint to add facts related to standing as Defendants waited until after CSI's opening brief to move to dismiss, Defendants were able to respond to CSI's showing of standing in their reply briefs and at oral argument, and CSI's amendment would not alter the claims or defenses in this protest or require any additional briefing.

Moreover, as counsel for Plaintiff discussed with the Court at oral argument, the sought-after remedy here has been limited to an injunction of the forth-coming option years under Salus' contract, not an injunction of Salus' present performance. Tr. at 67:12–21.  Because DHS has rejected this Court's offer to commit to recompeting its need for voluntary deportation services, DHS has forced the Court to issue an opinion in this case regardless of this Motion.  And because there are still several months before DHS will need to (unlawfully) exercise those option periods, nothing about Plaintiff's Motion will introduce any undue delay into the resolution of this protest.

To the contrary, as explained above, by eliminating the issue of interested party standing—and Defendants' RCFC 12(b)(6) motion to dismiss—granting Plaintiff's motion to amend will actually expedite proceedings here by reducing the issues that would need to be covered in the Court's forthcoming opinion. Accordingly, granting CSI's motion for leave to amend in these circumstances will not unduly delay proceedings.

4.    **There Is No Other Reason to Deny CSI Leave To Amend Its Complaint**

Finally, there is no bad faith or dilatory motive on the part of CSI, nor has there been any "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. CSI is moving expeditiously to amend its Complaint in good faith to further address the question of standing so that the Court may issue a decision on the merits of CSI's protest. Given the Court's comments at oral argument and subsequent order to the parties for DHS to consider affirmatively committing to conduct a competition for any voluntary deportation services it believes may be required after the four remaining months on Salus's contract expire, CSI believed that this protest was going to be mooted by DHS issuing an RFP for a replacement CSRO contract to replace the option periods in Salus' original contract. Indeed, the Agency did initially post a pre-solicitation notice for those services as relayed by the Government to the Court during oral argument. *See* Tr. at 77:20–78:9; *see also* Ex. A (Pre-Solicitation Notice posted Feb. 5, 2026 at 3:24 pm). CSI did not move to amend its Complaint previously based its interpretation of the conflicting Federal Circuit case law as to what is required to establish standing in a pre-award protest and the information that was previously presented to the Court. However, should the Court grant CSI leave to amend its Complaint, there will be no occasion to wade into the standing morass, leaving the Court free to focus its decision solely on the merits of this protest.

9

### III.    Conclusion

For these reasons, CSI requests that the Court grant CSI leave to amend its Complaint to add factual allegations that already have been presented to the Court, have been fully addressed in the parties' briefing, and that would not alter either CSI's challenges to the solicitation or Defendants' responses to those challenges, thus addressing any outstanding questions as to CSI's standing to bring this protest and mooting Defendants' motion to dismiss.

Dated: February 23, 2026

Respectfully submitted,

*/s/ Jennifer S. Zucker*
Jennifer S. Zucker
Jzucker@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6506

*Of Counsel:*
Tyler E. Robinson
trobinson@velaw.com
Chris O'Brien
cobrien@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6565

*Attorney of Record for Plaintiff*
*CSI Aviation, Inc.*