IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| CSI AVIATION, INC. | |
| Plaintiff, | |
| v. | No. 25-1338C (MHS) |
| UNITED STATES, | **Redacted Version** |
| Defendant, | |
| v. | |
| SALUS WORLDWIDE SOLUTIONS CORPORATION, | |
| Defendant-Intervenor. | |

**DEFENDANT-INTERVENOR'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant-Intervenor Salus Worldwide Solutions Corporation ("Salus") respectfully requests that the Court deny Plaintiff CSI Aviation, Inc.'s ("CSI") February 23, 2026 motion for leave to amend the complaint (ECF No. 52) ("Motion").

CSI filed its complaint in this "second bite" bid protest more than five months ago after it was unsuccessful at the Government Accountability Office ("GAO"). And now, after a full hearing and with the matter ripe for decision, CSI asks the Court to rescue its case by allowing CSI a third chance to get it right. CSI is represented by experienced counsel and has for nearly half a year had all the facts and every opportunity to adequately plead standing and prejudice. But CSI failed to do so, and this Court should decline the invitation to save CSI from itself. Aside from these fundamental failings, the Motion should be denied because CSI has unduly

1

delayed in amending its complaint, the proposed amendment would be futile, and would prejudice Defendants.

## ARGUMENT

Rule 15(a)(2) of the Rules of the Court of Federal Claims (RCFC) states that leave should freely be given to a party seeking to amend its pleading if "justice so requires." Although the discretion to permit such amendments should be exercised liberally, "the existence of such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment' may justify the denial of a motion for leave to amend." *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403–04 (Fed. Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The "[e]xistence of any of the *Foman* factors is sufficient to deny a motion for leave to amend." *Dixon v. United States*, 158 Fed. Cl. 80, 84–85 (2022). The decision whether to grant leave to amend a complaint "must be informed by an additional consideration-the statutory admonition that in exercising its bid protest jurisdiction, the Court 'shall give due regard to the need for expeditious resolution of the action.'" *Centech Grp., Inc. v. United States*, 78 Fed. Cl. 658, 660 (2007) (citation omitted).

**I.     CSI UNDULY DELAYED FILING ITS PROPOSED AMENDED COMPLAINT**

"[C]ourts have not hesitated to deny motions to amend that have been filed after significant delay." *Te–Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991). A significant or "undue" delay occurs when "the party amending its pleading knew, or should have known, the factual basis for its claim for an extended period before seeking to amend." *FreeAlliance.com, LLC v. United States*, 173 Fed. Cl. 598, 604–05 (2024); *Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992) (finding undue

delay where plaintiff "was, or should have been, aware" of the factual basis for its claim "long before" it sought to amend.[1] And "[s]ince the bid protest process is designed to resolve disputes as quickly as possible, even relatively short delays may be unreasonable in the context of a bid protest." *Sonoran Tech. & Pro. Servs., LLC v. United States*, 133 Fed. Cl. 401, 404 (2017) (citing *Software Testing Sols., Inc. v. United States*, 58 Fed. Cl. 533, 536 (2003)); *see also King v. United States*, 119 Fed. Cl. 51, 55 (2014) ("courts consider the stage of the litigation together with the length of time that the moving party was aware of the underlying facts"). Put simply, this Court has instructed that a party must move to amend its pleading "'as soon as the necessity for altering the pleading becomes apparent,' i.e., 'at the earliest opportunity.'" *Hanover Ins. Co. v. United States*, 134 Fed. Cl. 51, 60 (2017) (quoting *Alta Wind I Owner–Lessor C v. United States*, 125 Fed. Cl. 8, 11 (2016)).

      CSI has failed to meet those standards. CSI has known the basis for amending its complaint for five and a half months, but instead of moving "expeditiously" as Plaintiff claims, it has waited until this late stage of the proceedings to amend only after its case has been tested by the Defendants and scrutinized by this Court. The facts are not in dispute. By the time CSI came to this Court on August 11, 2025, it had a fully developed record from the GAO protest and thus all the facts it needed to satisfy applicable pleading standards. *See* Tabs 155-209.[2] Despite this,

---

[1] CSI claims that "'mere delay is insufficient to bar amendment of pleading' where there will be no prejudice." Mot. at 8 (quoting *Hess v. United States*, 210 Ct. Cl. 483, 49[1] (Ct. Cl. 1976)). However, undue delay—as is the case here—does not require a showing of prejudice. *See Te-Moak Bands of W. Shoshone Indians of Nev.*, 948 F.2d at 1262 ("Notwithstanding the view that Fed.R.Civ.P. 15(a) is to be construed liberally, courts have not hesitated to deny motions to amend that have been filed after significant delay. Delay alone, even without a demonstration of prejudice, has thus been sufficient grounds to deny amendment of pleadings").

[2] Further, as Salus highlighted for the Court during oral argument, CSI even had access to the CSRO RFP materials at the time of filing its GAO protest on May 19, 2025, more than enough

CSI omitted from its complaint even the most basic factual allegations needed to plead standing and prejudice. *See generally* Compl., ECF No. 1. CSI's counsel admitted as much during oral argument. *See, e.g.*, Oral Argument Tr. ("Tr.") at 23:3-25:10 (Feb. 5, 2026), ECF No. 50. Subsequently, CSI squandered several opportunities to amend its complaint during the present proceedings. For instance, CSI could have amended its complaint, as a matter of right, within 21 days of initiating this protest. CSI could have moved to amend its complaint after DHS and Salus filed their respective motions to dismiss on December 9, 2025. *See* Gov't Mot., ECF No. 33; Salus Mot., ECF No. 32. CSI even had a chance to move for amendment when filing its reply, or during oral argument when this Court pressed CSI counsel about the essential detail missing from its complaint. *See, e.g.*, Tr. at 23:3-25:10. Instead, CSI waited until February 23, 2026, nearly three weeks after a hearing on the merits, to decide the time was right to ask for a second chance to get it right. Throughout this five and a half month period, there has been no new evidence, no supplementation of the Administrative Record since its production on September 4, 2025, and no event that has made "apparent" the necessity for altering CSI's complaint—CSI "was, or should have been, aware" of the need to adequately pleading standing and prejudice from the start. In other words, CSI unduly delayed filing its proposed amended complaint. *See Eagle Techs., Inc. v. United States*, 163 Fed. Cl. 692, 702 (2022) ("Eagle's motion is unduly delayed, having been filed over three months after Eagle filed suit and the Government filed the administrative record, two months after Eagle moved for judgment on the administrative record, and days after the Court heard oral argument on the parties' cross-motions"); *Sonoran Tech. & Pro. Servs.*, 133 Fed. Cl. at 404–05 (finding protester unduly delayed seeking to amend its

---

information for CSI to understand what was needed to properly plead standing and prejudice at this Court. *See* Tr. at 54:19−58:21; *see also* Tab 156A.

complaint by waiting six weeks to do so during which time it was on notice at least twice that its complaint was insufficient).

The "party seeking to amend its complaint after significant delays bears the burden of justifying the delay." *Cupey Bajo Nursing Home, Inc. v. United States*, 36 Fed. Cl. 122, 132 (1996); *Te-Moak Bands of W. Shoshone Indians of Nev.*, 948 F.2d at 1263 (holding that with the passage of time "a point is reached when the party seeking to amend must justify that request by more than invocation of the concept of the rule's liberality"). CSI offers no good excuse justifying its undue delay, and essentially asks the Court to rescue CSI from itself. First, CSI contends that granting its motion will not "introduce any undue delay into the resolution of this protest." Mot. at 8. But that misses the point. The relevant inquiry is not whether the amendment will further delay the proceedings, but whether the filing of the amended complaint was significantly delayed, as is the case here. Second, CSI asserts that it did not move to amend sooner because it "believed that this protest was going to be mooted by DHS issuing an RFP for a replacement CSRO contract to replace the option periods in Salus' original contract" and because "the Agency did initially post a pre-solicitation notice for those services." *Id.* at 9. At most[3], this justifies CSI's delay in amending its complaint after oral argument, but does not explain why CSI failed to amend in the preceding months—as a matter of right after its initial protest, after Defendants moved to dismiss, on reply, or during oral argument. Finally, CSI claims that it "did not move to amend its Complaint previously based [sic] its interpretation of the conflicting Federal Circuit case law as to what is required to establish standing in a pre-award protest and the information that was previously presented to the Court." *Id.* CSI counsel's

---

[3] CSI also fails to acknowledge that the pre-solicitation notice was removed no later than the day after its posting, on February 6, 2026, which undermines the reasonableness of CSI's belief that DHS would be issuing an RFP that would moot the protest.

5

erroneous interpretation of case law does not excuse its failure to plead the most basic factual allegations necessary for standing and prejudice in its complaint and certainly cannot justify its undue delay in filing its amended complaint. To be sure, any alleged "conflict" in the case law with respect to the appropriate standing standard has no bearing on CSI's failure to adequately plead prejudice, or amend its complaint to do so in a timely fashion. *See* Salus Reply at 3, ECF No. 39 ("Regardless of the applicable standard, CSI has not alleged a competitive interest sufficient to establish standing"); Gov't Reply at 2-5, ECF No. 38; Tr. at 28:15-16 ("THE COURT: But I don't see anything about prejudice here at all.").[4]

CSI's motion should be rejected because it knew, or should have known, that it was required to plead basic factual allegations for standing and prejudice from the start, unduly delayed seeking amending of its complaint for five and a half months despite ample opportunity to do so, and has provided inadequate justification for the significant delay. *See Eagle Techs., Inc.*, 163 Fed. Cl. at 702 (finding Eagle failed to justify its delay in seeking to amend its complaint where provided reason—that awardee's GSA MAS Contract was not in the Administrative Record—"should have been known to Eagle in July 2022 when the Government lodged the record in this case" and where Eagle failed to conduct necessary "due diligence . . . at an earlier stage of the case").

## II. CSI'S PROPOSED AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

In addition, CSI bears the burden of demonstrating that its proposed amendment of the complaint would not be futile, and the amendment of a complaint is futile where the proposed

---

[4] Further, CSI was on notice no later than December 9, 2025 that Defendants were of the position that the "substantial chance" standard applied. CSI could have amended it complaint at that time to plead facts against that higher standard, but chose not to. *See* Salus Mot. at 11-12, ECF No. 32; Gov't Mot. at 10-11, ECF No. 33.

amendment would not survive a dispositive motion. *See Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677, 682 (2018). In support, CSI argues that its amendment would "add factual allegations from the DeLucia Declaration, which the Government has agreed would be sufficient to overcome 'standing scrutiny,' thereby confirming CSI has stated a plausible claim for relief." Mot. at 6.

First, the Government made no such admission. During oral argument, the Court asked, "Do you agree that if [CSI] had included the facts from this affidavit in the complaint and addressed them in their MJAR . . . [w]ould that be enough to demonstrate standing here?" Tr. at 40:5-7, 20-21. The Government responded, "I think that would probably be enough at the allegation phase to get them -- to get their complaint past standing scrutiny***. I think we would still raise a prejudice argument because we disagree with the assertion that even their affidavit or declaration demonstrates the scope of the requirements for this contract***." *Id.* at 40:22–41:3.

Second, as Defendants have previously explained, the factual allegations from the Declaration, taken as true, still do not show that CSI could perform the full scope of CSRO, necessary for it to show qualified bidder status and establish prejudice. Gov't Reply at 1-5, ECF No. 38; Salus Reply at 3-5, ECF No. 39. This alone makes the amendment futile. *See Island Creek Assocs., LLC v. United States*, 172 Fed. Cl. 729, 741–42 (2024) (denying motion for leave to amend where "[t]here is simply no cure for Island Creek's critical standing deficiencies"). Further, even if the factual allegations were sufficient to demonstrate that CSI could, in theory, perform the full scope of work, as the Court noted during oral argument, the declaration makes no representation that the asserted capabilities concerned CSI's ability to perform CSRO at the time of solicitation and award, or that CSI had any actual commitment from the proposed team members to perform CSRO. Tr. at 35:21-22 ("THE COURT: I've noticed that these [declaration

7

statements] are worded very carefully."); *id.* at 36:2-8 ("THE COURT: When Mr. Delucia executed this affidavit, had he actually spoken with these other companies and gotten some sort of commitment from them, or if not commitment, then a willingness to actually do this work? I didn't see that in here anywhere. MR. O'BRIEN: I don't recall offhand, Your Honor.").[5] Moreover, if viewed through the lens of Article III standing, CSI's pleading failures deprive the Court of jurisdiction due to a lack of demonstrated injury, and cannot be cured at this late stage. *See Monbo v. United States*, No. 24-CV-1683, 2025 WL 869037 (Fed. Cl. Mar. 19, 2025) (denying motion for leave to amend complaint as futile where proposed amendment that plaintiff was a subcontractor did not establish statutory standing and allegation of de facto debarment was not redressable such that she lacked Article III standing); *see also* Tr. at 43:7-24.

Finally, Defendants have already shown that CSI will not succeed on the merits. *See* Gov't Mot. at 15-31, ECF No. 33; Gov't Reply at 5-13, ECF No. 38; Salus Mot. at 15-44, ECF No. 32, Salus Reply at 5-18, ECF No. 39. Thus, even if CSI's amended complaint were to survive a motion to dismiss for lack of standing, the amendment is nonetheless futile as it would not survive the Government's motion for judgment on the administrative record.

## III. CSI'S PROPOSED AMENDMENT WOULD PREJUDICE DEFENDANTS

Leave to amend may be denied when a party demonstrates prejudice and such prejudice may arise from "excessive delay that is *unduly* burdensome." *St. Paul Fire & Marine Ins. Co. v.*

---

[5] *See also* Salus Reply at 5 n.5, ECF No. 39 ("In support that it has the capabilities to perform CSRO, CSI alleges it "recently acquired a large Part 121 air carrier, adding over 50 aircraft to support our diverse customer base." DeLucia Decl. ¶ 5. This acquisition occurred on December 10, 2025, months after the Agency's market research and the CSRO award. *See* Harbor Diversified, Inc., Form 8-K (Dec. 18, 2025), http://pdf.secdatabase.com/1958/0001193125-25-324816.pdf").

*United States*, 31 Fed. Cl. 151, 153 (1994). As discussed above, CSI's motion is the result of undue delay. That delay is unduly burdensome to Defendants in three ways.

First, Defendants have already devoted a significant portion of their briefing—and much of oral argument—to CSI's lack of standing, at the expense of focusing on the merits of the case.[6] CSI repeatedly asks the Court to grant its motion so that the focus can turn to the "merits of CSI's protest." Mot. at 8. Again, CSI is asking the Court to save it from itself. If CSI had properly pled standing in its initial complaint, or amended its complaint to do so in a timely fashion, the parties and the Court could have focused on the merits. But CSI failed to do so.

Second, CSI's delay has caused Salus operational and financial uncertainty by holding the future of Salus' only federal prime contract in limbo. *See* Cappel Decl. ¶ 12, ECF No. 32-1. At the very least, CSI's late attempt to amend its complaint has delayed the Court's issuance of an opinion and may be influencing the timing of any option exercise by the Government.

Finally, CSI alleges that its proposed amendments "go only to CSI's status as a qualified bidder" and do not introduce "new facts or legal theories." Mot. at 7. Not so. CSI adds factual allegations regarding the allowance of teaming members and CSI's ability to perform the CSRO contract with proposed teaming partners. *See* First Am. Compl. ¶¶ 24 ("The RFP in Section L.6.6 expressly permitted Contractor Teaming Arrangements in which 'a potential Prime Contractor agrees with one or more other companies to have them act as its subcontractor(s) under a specified Government contract or acquisition program.'"), 68 ("there would have been a substantially different pool of eligible offerors"); *see also id.* ¶¶ 41–42. These proposed amendments speak to (1) whether DHS adequately considered CSI during market research, and

---

[6] If CSI's motion were to be granted, Defendants would be required to file revised briefs with updated citations and references to reflect the amended complaint, actions that are both unnecessary, costly, and may serve to further delay the resolution of this protest.

thus conducted reasonable acquisition planning efforts in properly invoking FAR 6.302-2 (Count I), and (2) whether DHS reasonably excluded CSI from the competition in complying with FAR 6.302-2's requirement to solicit offers from as many potential sources as practicable under the circumstances (Count II). Thus, contrary to CSI's assertion, if the motion were to be granted, Defendants would seek additional briefing to address CSI's new arguments. *See* Mot. at 7-8. [7]

## CONCLUSION

For these reasons, Salus respectfully requests that the Court deny CSI's motion for leave to file the proposed amended complaint.

March 6, 2026

Respectfully submitted,

 */s/ Scott N. Flesch*
Scott N. Flesch
Alejandro L. Sarria
Connor W. Farrell
MILLER & CHEVALIER CHARTERED
900 Sixteenth St. NW
Washington, DC 20006
Tel. (202) 626-5800
sflesch@milchev.com

*Counsel for Defendant-Intervenor Salus Worldwide Solutions Corporation*

---

[7] CSI's alternative request that the Court "determine CSI established standing through its Response and Reply brief" should also be denied. Mot. at 7 n.2. CSI's standing was not "self-evident from the administrative record" (*id.* (cleaned up)) as the record plainly shows that DHS reasonably determined that CSI lacked the experience and expertise to perform the full scope of work and therefore was not a qualified bidder. *See* Tab106_AR915; Tab194_AR2926. And CSI's belief that its standing was self-evident based on DHS's statement that if it "would have conducted a full and open competition . . . [CSI] would have seen the notice and had a chance to compete" was not reasonable. *See* Tr. at 22:6-10 ("THE COURT: Another way of framing Clinicomp is to say Clinicomp stands for the proposition that the lack of an opportunity to submit a proposal is not enough to give you standing. MR. O'BRIEN: Okay, Your Honor"). Further, as discussed above, the Government did not acknowledge at oral argument that "CSI's Reply brief makes standing obvious and irrefutable." Mot. at 7 n.2.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, I electronically filed the foregoing document for which conventional service is required with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users.  I further certify that on March 6, 2026, that with prior consent, I have emailed the foregoing document to all counsel of record:

Jennifer S. Zucker
Vinson & Elkins
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Email: jzucker@velaw.com

*Counsel for Plaintiff CSI Aviation, Inc.*


Reta E. Bezak
U.S. Department of Justice
Civil Division – Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Email: reta.e.bezak@usdoj.gov

*Counsel for Defendant United States*


    */s/ Scott N. Flesch*