**Redacted Version**

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

| | | | |
|---|---|---|---|
| CSI AVIATION, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | ▮▮▮▮▮▮▮▮▮▮ | |
| | ) | | |
| v. | ) | No. 25-1338C | |
| | ) | (Chief Judge Matthew H. Solomson) | |
| THE UNITED STATES, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |
| and | ) | | |
| | ) | | |
| SALUS WORLDWIDE SOLUTIONS | ) | | |
| CORPORATION, | ) | | |
| | ) | | |
| Defendant-Intervenor. | ) | | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims (RCFC),

defendant, the United States, respectfully requests that the Court deny the motion of plaintiff,

CSI Aviation, Inc. (CSI), to file an amended complaint.  *See* Pl. Mot. (ECF No. 52).

### BACKGROUND

CSI filed its original complaint on August 11, 2025.  ECF No. 1.  As attachments to that

complaint, it included, among other things, the market research report prepared by the

Department of Homeland Security (DHS) contracting officer (Compl. Ex. 1) – which explained

that the contracting officer concluded that CSI did not have the experience to perform the

contract requirements – and the solicitation for the procurement at issue in this protest (Compl.

Ex. 4) – which described those requirements.

On December 9, 2025, in response to CSI's motion for judgment on the administrative

record (MJAR) and in conjunction with their own cross-MJARs, both the United States and

defendant-intervenor, Salus Worldwide Solutions Corporation (Salus), moved to dismiss CSI's protest for lack of standing, arguing that CSI had failed to allege or otherwise demonstrate that it could perform the requirements of the solicitation at issue. ECF No. 32 at 11-15; ECF No. 33 at 10-14. On February 5, 2026, following the conclusion of briefing on the MJARs and motions to dismiss, the Court held oral argument on the various dispositive motions and focused heavily on the question of standing.

CSI filed its motion for leave to file an amended complaint on February 23, 2026.

## ARGUMENT

### I.    Relevant Legal Standard

Under RCFC 15(a):

A party may amend its pleadings once as a matter of course no later than:

> (A) 21 days after service of the pleading; or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier.

RCFC 15(a)(1). "In all other cases, a party may amend its pleading only with . . . the court's leave," which should be "freely give[n] when justice so requires." RCFC 15(a)(2).

Although Rule 15(a) of the Federal Rules of Civil Procedure—and its Court of Federal Claims analogue—"declares that leave to amend 'shall be freely given when justice so requires,'" that mandate is not absolute. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). The Court's discretion may be informed by many factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc*." *Id.*; *see also Zenith Radio Corp. v.*

*Hazeltine Rsch.*, 401 U.S. 321, 335 (1971) (focusing on whether amending the complaint will "serve the interests of justice").  This Court has recognized that "[e]xistence of any of the *Foman* factors is sufficient to deny a motion for leave to amend, 'the theory being that the amendment would not be necessary to serve the interest of justice under such circumstances.'" *Dixon v. United States*, 158 Fed. Cl. 80, 84–85 (Fed. Cl. 2022) (quoting *Spalding & Son, Inc. v. United States*, 22 Cl. Ct. 678, 680 (1991)); *accord Hays v. United States*, 16 Cl. Ct. 770, 772 (1989) (recognizing that the criteria set forth in *Foman* "are in the disjunctive, *i.e.*, satisfaction of one is sufficient to deny the motion"); *Nesselrode v. United States*, 127 Fed. Cl. 421, 434 (2016).

## II.    This Court Should Deny CSI's Motion

As a preliminary matter, the rules do not permit CSI to amend its complaint as a matter of course because CSI did not amend its complaint within 21 days after service of the original complaint, *see* ECF No. 1, or 21 days after service of the United States' and Salus's motions under RCFC 12(b), *see* ECF Nos. 32, 33.  Accordingly, the time has expired for CSI to file tis amended complaint as a matter of course.  *See* RCFC 15(a) ("A party may amend its pleadings once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), *whichever is earlier*.") (emphasis added).

Because CSI may not file its amended complaint "as a matter of course," RCFC 15(a), CSI must show that justice requires this amendment, *see* RCFC 15(b).  CSI cannot meet this burden.  First, the amendment is futile because even if the standing allegations CSI seeks to include would cure the *pleading* deficiency, they do not cure the prejudice problem on the merits.  Second, CSI's decision to file a motion seeking leave to amend now, despite having all the relevant information needed to include these allegations in the original complaint, and rather

than having amended as of right after the United States and Salus filed their motions to dismiss the complaint, is the product of undue delay that has imposed burdens upon both the Court and the United States.

### A.    The Proposed Amendment Would Be Futile Because The Allegations Cannot Address The Merits-Stage Standing Problem

CSI bears the burden to demonstrate that the proposed amendment of the complaint would not be futile, and amendment of a complaint is futile when the proposed amendment would not survive a dispositive motion. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006) ("When a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."); *see also Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1404 (Fed. Cir. 1989) (sustaining denial of motion to amend based on "the apparent futility" of proposed amendment). CSI's proposed amended complaint seeks to add certain allegations involving CSI's standing. *See* Proposed Am. Compl. ¶¶ 1, 4, 32-52.  CSI's proposed amendment is futile.

"[T]he requirements to prove standing are 'not mere pleading requirements but rather an indispensable part of the plaintiff's case' such that 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'"  *KL3, LLC v. United States*, 176 Fed. Cl. 657, 667 (2025) (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)).

The parties have briefed and argued the merits of this protest on the administrative record and have provided additional evidence in the form of declarations.  Thus, it is insufficient to

4

present mere allegations to demonstrate standing. *Lujan*, 504 U.S. at 561. As we demonstrated during merits briefing, CSI lacks standing to challenge DHS's procurement based on the administrative record. ECF No. 33 at 11-14. In particular, the contracting officer made a reasonable determination that CSI, the ICE AIR contractor, had "flight capability with limited capability to provide temporary staging solutions to meet the scope of the program." AR 915, Tab 106. The contracting officer further determined that the existing ICE AIR requirement involves air operations logistics only, not detention logistics or coordination with foreign countries. *Id.* The contracting officer concluded that the ICE AIR vendors (*i.e.*, CSI) "do not have the experience either as Prime or subcontractors conducting this type of work." *Id.*

CSI provided a declaration in connection with its reply brief in an effort to prove standing. ECF No. 36-1. In addition to noting that this declaration was offered too late to be considered, *see, e.g.*, *Sirius Fed., LLC v. United States*, 153 Fed. Cl. 410, 425-26 (2021) (explaining that the Court typically does not consider arguments made for the first time in a reply brief), we demonstrated that the declarations CSI provided in support of its merits briefing fail to prove standing. *See* ECF No. 38 at 3-5.[1] The declaration focused heavily on CSI's experience as a charter passenger service and conducting air lift and rescue operations. *See* ECF No. 36-1,

---

[1] CSI contends that the Government conceded at oral argument that CSI's declarations "make[] standing obvious and irrefutable." Pl. Mot. at 7 n.2; *see also id.* at 5. Not so. Counsel for the United States agreed that the statements that CSI proffered in its declarations, if included in its complaint, would likely have been sufficient to meet the pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Oral Arg. Tr. 40:22-24. At the pleading stage, the allegations are accepted as true. *See Twombly*, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" (citations omitted)). Counsel for the United States further explained that, at the merits stage, the evidence demonstrated that CSI was unable to fulfill the solicitations requirements at that they thus lacked standing. Oral Arg. Tr. 40:23 – 41:3.

¶¶ 5-7, 10-12, 18.  As we explained, *see* ECF No. 38 at 3-4, charter operations are a very small part of the CSRO requirement.  *See* Tab 112a, AR 1041; ECF No. 32-1 ¶¶ 4-7; ECF No. 33-1 ¶¶ 9-11.  CSI's declaration does not demonstrate capability to offer logistical and program management support for DHS for all aspects of the voluntary removal program, from domestic outreach to enrollment support to commercial ticketing management to travel documentation, nor does it demonstrate capability to support international staging areas and other aspects of foreign assistance coordination.  Moreover, although DHS explained in its market research memorandum that the complexity of the requirement and the extremely short ramp-up time made use of teaming arrangements highly risky, *see* Tab 106, AR 110, CSI purports in its declaration to extensively utilize teaming partners for the majority of the CSRO requirements.  ECF No. 36-1 ¶¶ 20-28.  The declaration offers no information about when CSI established those partners or any examples of their past experience.  *Id.*  The declaration does not establish that CSI could have performed the CSRO requirements as of May 2025 when the contract was awarded.

Adding new allegations to the complaint does not cure this failure of proof.  CSI's proposed amendment is therefore futile.

**B.     CSI Unduly Delayed Filing Its Proposed Amended Complaint**

The Court should further deny CSI's motion because CSI's decision to seek leave to amend at this stage of the protest is the product of undue delay that has imposed burdens upon both the Court and the United States.

A party should "move to amend its pleading as soon as the necessity for altering the pleading becomes apparent, i.e., at the earliest opportunity." *Hanover Ins. Co. v. United States*, 134 Fed. Cl. 51, 60 (2017) (internal quotations omitted).  Timeliness is a fact-specific inquiry, *id.*, and "[i]n determining whether delay warrants the denial of leave to amend, the court may

consider whether the moving party's delay was justified under the circumstances." *Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 551 (2021).  Generally, if proceedings are still pending at the trial level, mere delay alone is insufficient to deny a motion to amend. *Hanover Ins. Co.*, 134 Fed. Cl. at 62; *see also Cooke v. United States*, 79 Fed. Cl. 741, 742 (2007) (holding that a delay of nine months to amend answer and add affirmative defenses was insufficient to constitute undue delay); *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 649 (2014) (explaining that the Government's twelve month delay, standing alone, was an insufficient reason to warrant denial of leave to amend).  However, in the bid protest context where case timelines are greatly accelerated, a delay across several stages of the litigation, even if only spanning a few months, can be undue.  *See Eagle Tech., Inc. v. United States*, 163 Fed. Cl. 692, 702 (2022); *Sonoran Tech. & Prof. Servs., LLC v. United States*, 133 Fed. Cl. 401, 404-05 (2017).

In this case, CSI filed its initial complaint on August 11, 2025.  *See* Compl. (ECF No. 1). It moved to amend its complaint on February 23, 2026, after merits briefing had been completed and the Court had heard argument on all issues in the case, including the standing problems the proposed amended complaint seeks to address.  This delay was undue because CSI plainly knew the factual basis for its standing position from the outset of this case, yet failed to incorporate its allegations into its original complaint or seek to amend at numerous opportunities prior to the near-end of the case.  *See Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992) (plaintiff's delay in seeking to amend its complaint was undue because plaintiff "was, or should have been, aware" of the factual basis for its claim "long before" it sought to amend); *FreeAlliance.com, LLC v. United States*, 173 Fed. Cl. 598, 604–05 (2024) ("Critical to a finding

of undue delay is that the party seeking to amend had prior access to the relevant information that underlies the proposed, new amendment.").

CSI had the solicitation at issue in this protest when it filed its original complaint. Compl. Ex. 4. It also had DHS's market research report, which called into question CSI's ability to perform the contract. Compl. Ex. 1. Yet CSI failed to include allegations in its complaint demonstrating it could perform the work DHS sought. Moreover, both the Government and Salus questioned CSI's standing in their motions to dismiss and for judgment on the administrative record on December 9, 2025. ECF No. 32, 33. CSI failed to amend its complaint, which it could have done by right within 21 days of those motions. *See* RCFC 15(a)(B). In addition, the Court raised concerns about CSI's standing during oral argument on February 5, 2026, yet CSI did not indicate any intention during oral argument to amend its complaint.

Finally, CSI contends that it did not move to amend during oral argument or promptly thereafter because it believed the case would be mooted in light of the Court's order for the parties to consider whether DHS could commit to not executing the option periods on the contract. Pl. Mot. at 9. This contention does not explain why CSI was unable to include the necessary allegations in its original complaint or amend when it became clear standing was at issue. Moreover, nothing prevented CSI from moving for leave to amend within the two-week period the Court gave the parties to consider the future of the option periods, and it was not prudent to await the outcome of that consideration to attempt to cure a fatal pleading error, even if the prior delay could be excused.

Throughout the comprehensive motions practice in this case, the time and resources of the parties and this Court have been focused in large part on the sufficiency of the allegations asserted in CSI's initial complaint. Indeed, oral argument before the Court focused almost

8

entirely on CSI's standing.  Had that threshold issue been addressed by an earlier amendment, the focus may have been more on the merits of the case or the sufficiency of CSI's *evidence* of standing.  Amendment at this stage of the proceedings would deprive the parties and the Court of the opportunity to explore the merits issues in this protest during oral argument.

In addressing undue delay, CSI conflates different factors relevant to considering a motion for leave to amend the complaint, arguing that the amendment will not unduly delay the protest.  Pl. Mot. at 8-9.  This argument misunderstands the burden on CSI to justify its own delay in moving to amend.  *See Sonoran Tech.*, 133 Fed. Cl. at 404 ("The party seeking to amend its complaint after significant delays bears the burden of justifying the delay." (citations omitted)).  CSI's only statement addressing the reason for its delay is to claim that it did not seek to amend previously "based [on] its interpretation of the conflicting Federal Circuit case law as to what is required to establish standing in a pre-award protest and the information that was previously presented to the Court."  Pl. Mot. at 9.  Yet it made the calculated choice to include only cursory and conclusory statements of standing in its complaint, to respond to the motions to dismiss by fighting them on the briefs rather than bolstering its allegations, and by resting on the sufficiency of its standing allegations during oral argument.  CSI's explanation for its delay demonstrates that it does not believe the amendment to be necessary.  This explanation does not justify amending its complaint at this late stage of the protest.

Finally, CSI contends that the Court should permit its amendment because "justice requires" it.  Pl. Mot. at 4-5.  But the "interests of justice" that CSI identifies are merely the merits of the protest – *i.e.*, that CSI believes DHS's procurement to be so unlawful that the Court must excuse CSI's procedural failures to reach the merits.  *Id.*  CSI offers no support for the legal sufficiency of such a circular argument.  "Justice" does not require the Court to ignore the fact

that CSI could have pled its proposed new standing allegations at the outset of this protest or at any other time in the subsequent six months. Instead, the Court should consider Congress's mandate to give due regard for "the need for expeditious resolution of the action," particularly in cases implicating "the interests of national defense and national security." 28 U.S.C. § 1491(b)(3).

## CONCLUSION

For these reasons, we respectfully request that the Court deny CSI's motion to file the proposed amended complaint.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

DOUGLAS K. MICKLE
Acting Deputy Director

OF COUNSEL:
Rina Martinez
Assistant General Counsel
General Law Division
Office of the General Counsel
Department of Homeland Security
rina.martinez@hq.dhs.gov

s/ Reta E. Bezak
RETA E. BEZAK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 305-5633
Reta.E.Bezak@usdoj.gov

March 6, 2026

*Attorneys for Defendant*