# In the United States Court of Federal Claims

**BID PROTEST**

███████████████

| | |
|---|---|
| **CSI AVIATION, INC.,** | **Redacted Version** |
| *Plaintiff*, | |
| v. | Case No. 25-1338C |
| **THE UNITED STATES,** | |
| *Defendant*, | Judge Solomson |
| and | |
| **SALUS WORLDWIDE SOLUTIONS CORPORATION,** | |
| *Defendant-Intervenor*. | |

---

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND COMPLAINT

---

Jennifer S. Zucker
 *Counsel of Record*
Tyler E. Robinson
Christopher M. O'Brien
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6506
Jzucker@velaw.com

███████████████

## TABLE OF CONTENTS

I.  Argument ................................................................................................ 3

    A.  Amendment of CSI's Complaint is Not Futile ......................................... 3

    B.  CSI Did Not Unduly Delay in Filing Its Motion And Granting CSI's Motion Will

        Not Unduly Delay This Protest ................................................................ 8

    C.  Granting CSI's Motion Will Not Prejudice Defendants ....................................... 12

II.  Conclusion ............................................................................................. 15

**TABLE OF AUTHORITIES**

**Cases**

*Cupey Bajo Nursing Home, Inc. v. United States*,
36 Fed. Cl. 122 (1996) ........................................................................................ 10

*Datascope Corp. v. SMEC, Inc.*,
962 F.2d 1043 (Fed. Cir. 1992)............................................................................ 10

*Eagle Techs., Inc. v. United States*,
163 Fed. Cl. 692 (2022) ...................................................................................... 11

*Foman v. Davis*,
371 U.S. 178 (1962)........................................................................................ passim

*FreeAlliance.com, LLC v. United States*,
173 Fed. Cl. 598 (2024) ............................................................................. 3, 10, 13

*Island Creek Assocs., LLC v. United States*,
172 Fed. Cl. 729 (2024) ........................................................................................ 7

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*,
464 F.3d 1339 (Fed. Cir. 2006)............................................................................. 3

*King v. United States*,
119 Fed. Cl. 51 (2014) ........................................................................................ 11

*Mobile Acuity Ltd. v. Blippar Ltd.*,
110 F.4th 1280 (Fed. Cir. 2024) ........................................................................... 3

*Monbo v. United States*,
No. 24-CV-1683, 2025 WL 869037 (Fed. Cl. Mar. 19, 2025) .......................... 7, 8

*Novosteel SA v. United States, Bethlehem Steel Corp.*,
284 F.3d 1261 (Fed. Cir. 2002)............................................................................. 6

*Seventh Dimension, LLC, v. United States*,
160 Fed. Cl. 1 (2022) ............................................................................................ 9

*Sirius Fed., LLC v. United States*,
153 Fed. Cl. 410 (2021) ........................................................................................ 6

*Sonoran Tech. and Prof. Servs., LLC v. United States*,
133 Fed. Cl. 401 (2017) ........................................................................... 4, 9, 10, 11

*Square One Armoring Servs. Co. v. United States*,
152 Fed. Cl. 536 (2021) ................................................................................... 3, 13

*Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*,
948 F.2d 1258 (Fed. Cir. 1991)........................................................................... 10

*United States v. Williams*,
553 U.S. 285 (2008)............................................................................................... 9

*Yates v. United States*,
   574 U.S. 528 (2015) ............................................................................................... 9

**Rules**

RCFC 1 ............................................................................................................................. 9

RCFC 12(b)(6) ................................................................................................................. 2

RCFC 15(a)(1) ................................................................................................................. 9

RCFC 15(a)(2) ................................................................................................................. 9

# In the United States Court of Federal Claims

**BID PROTEST**

(Filed: March 13, 2026)

| | |
|---|---|
| **CSI AVIATION, INC.,** | |
| *Plaintiff*, | Case No. 25-1338C |
| v. | |
| **THE UNITED STATES,** | Judge Solomson |
| *Defendant*, | |
| and | |
| **SALUS WORLDWIDE SOLUTIONS CORPORATION,** | |
| *Defendant-Intervenor*. | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, CSI Aviation, Inc. ("CSI"), respectfully submits this Reply in support of its

Motion for Leave to Amend its Complaint, ECF No. 52 (CSI's "Motion").

The Supreme Court has stated that cases should be decided on their merits whenever

possible, not dismissed on the basis of technicalities. *Foman v. Davis*, 371 U.S. 178, 182 (1962)

("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of

relief, he ought to be afforded an opportunity to test his claim on the merits."). CSI's Motion

exemplifies that principle by resolving any outstanding questions as to CSI's standing to file this

bid protest and rendering moot the Department of Homeland Security's ("DHS" or the "Agency")

1

and Defendant-Intervenor, Salus Worldwide Solutions Corp.'s ("Salus"),[1] pending motions to dismiss for failure to state a claim under RCFC 12(b)(6). As a result, granting CSI's Motion would allow the Court to issue a decision resolving this case on its merits.

And resolving this case on the merits is what justice so requires. As indicated during oral argument, this Court plainly has significant concerns about the Agency's conduct regarding its award of a multi-year, nearly billion-dollar Indefinite-Delivery, Indefinite Quantity (IDIQ) contract to Salus. This Court went out of its way to question the obvious improprieties and arbitrary conduct of DHS here, going so far as to state that a claim by CSI for bad faith on the part of the Government would have been reasonable given the facts and circumstances surrounding DHS's efforts to award this contract to Salus under the flimsiest of excuses. *See*, *e.g.*, Oral Arg. Tr. at 97:6-9; 104:18-21, ECF No. 50. Consequently, following oral argument, this Court expressly instructed the parties to meet and confer regarding whether DHS would commit to competing the covered work rather than proceed with exercising the options under the current Salus contract. Order, ECF No. 48 at 2. DHS refused, and instead, committed itself to proceeding with exercising the (patently) illegal options under the contract.

DHS's conduct—and expenditure of hundreds of millions of dollars of taxpayer money following a sham competition—deserves a review and decision on its merits. It is obvious that neither DHS nor Salus would like for the Court to review the actual procurement action here, and instead are relying on dismissal arguments that can be remedied by CSI's amended Complaint. Because granting CSI's Motion would resolve a purported pleading issue with absolutely no

---

[1] Plaintiff will refer to the Agency and Defendant-Intervenor collectively as the "Defendants."

prejudice to either DHS or Salus, CSI respectfully requests that this Court grant the Motion and permit CSI to file its amended Complaint.

## I.    Argument

### A.    Amendment of CSI's Complaint is Not Futile

CSI's Motion establishes that granting leave to amend the Complaint would not be futile because it would resolve any questions as to CSI's standing to bring this protest and resolve the pending motions to dismiss. In response, both the Government and Salus insist that amendment of CSI's Complaint would be futile because (they assert) CSI still would not succeed on the merits of its protest allegations. Def.'s Resp. at 4–6, ECF No. 54 (hereinafter "Gov't Resp."); Def.-Intervenor Resp. at 6–8, ECF No. 53 (hereinafter "Salus Resp."). But this is neither the applicable, nor appropriate, standard that should be applied in evaluating CSI's Motion.

Decisions of the Federal Circuit and this Court are crystal clear that the focus of a futility analysis is whether the amended pleading can survive ***a motion to dismiss***, not whether the party will or will not eventually succeed on the merits. *See FreeAlliance.com, LLC v. United States*, 173 Fed. Cl. 598, 607 (2024) ("In other words, 'for purposes of reviewing [the moving party's] motion for leave to amend . . . the salient inquiry is not whether [the moving party] is likely to prevail on the merits, but whether the claim added by the amendment would not withstand a motion to dismiss.'" (quoting *Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 545 (2021)); *see also Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1288 (Fed. Cir. 2024) ("A determination of futility contemplates whether . . . the amendment could present a viable claim on the merits for which relief could be granted"); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006) ("When a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its

pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."); *Sonoran Tech. and Prof. Servs., LLC v. United States*, 133 Fed. Cl. 401, 403 (2017) ("A proposed amendment is futile if it would not survive a motion to dismiss.").

Defendants fail to apply this well-established standard or otherwise articulate why they believe CSI's amended Complaint does not overcome the pending motions to dismiss for failure to state a claim. Gov't Resp. at 4–8; Salus Resp. at 6–8. Indeed, the Government has now twice conceded that "if [CSI] had included the facts from this affidavit in the complaint . . . that would probably be enough at the allegation phase . . . to get their complaint past standing scrutiny." Tr. 40:5–9, 40:22–24; *see also* Gov't Resp. at 5 n.1 ("Counsel for the United States agreed that the statements that CSI proffered in its declarations, if included in its complaint, would likely have been sufficient to meet the pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief."). Because that is precisely what CSI's proposed amended Complaint would accomplish, there is no plausible argument now that CSI's proposed amendment would be futile under the applicable legal standard. The Government and Salus's insistence that their merits-based prejudice argument is relevant to the analysis does not make it so.[2]

---

[2] The Government's characterization of the Agency's qualified bidder assessment is generous. *See* Gov't Resp. at 5–6. Specifically, the Government contends that "***the contracting officer made a reasonable determination that CSI, the ICE AIR contractor***, had "flight capability with limited capability to provide temporary staging solutions to meet the scope of the program." *Id.* at 5 (emphasis added) (citing Tab 106, AR 915 (Market Research Report)). As CSI noted in its Response to Defendants' Motion to Dismiss and Reply on the Merits, the Agency's market research does not reference CSI at all. Pl.'s Resp. to Mot. to Dismiss and Reply in Supp. of Mot. for J. on Admin. R. at 8, ECF No. 36 (hereinafter "CSI Resp./Repl."). There is simply no basis for the Government to claim that the contracting officer conducted an assessment ***of CSI*** when no document in the record supports such a claim. To the extent CSI's specific qualifications were assessed for this procurement, the Agency had an obligation to include that documentation in the Administrative Record. *See* Pl.'s Mot. for J. on Admin. R. at 11 n.7, ECF No. 26.

Aside from misapplying the applicable legal standard, Defendants' combined arguments still do not provide a basis upon which to deny CSI's Motion. ***First***, Defendants' futility arguments are premised on the conclusion that they will, in fact, prevail on the merits of CSI's protest. Put more simply, Defendants now argue that the Court should deny CSI's Motion because the Court is going to deny CSI's protest on the merits anyway, so CSI's proposed amendments to its Complaint are "futile." Gov't Resp. at 4–6; Salus Resp. at 7–8. But this usurpation of the Court's role in this case is nothing but mere speculation on Defendants' part that is inconsistent with comments this Court made during the oral argument about the issues it identified in the record relating to the Agency's conduct here. CSI's Motion will resolve any issues as to sufficient standing to bring the instant bid protest, and it is not a reasonable defense against that Motion for Defendants to simply assume that they are going to prevail on the case once the pending motions to dismiss are resolved. That is for the Court to decide, not Defendants, and such future determination has no bearing on whether CSI's Motion should be granted to resolve any purported pleading issue.

***Second***, the Government's continuing position set forth in its Response that the Court cannot consider the arguments that CSI already has raised as to the merits of its standing and prejudice from the Agency's actions (particularly if the Court grants CSI's Motion) is the product of a misreading of the case law and the refusal to acknowledge the briefing process in bid protest

---

Moreover, the Government purports to assess CSI's DeLucia Declaration, ECF No. 36-1, which was submitted in CSI's Response to Defendants' Motions to Dismiss, as insufficient to demonstrate qualified bidder status. *See* Gov't Resp. at 5–6. The Government cites to its Reply on the Merits, which establishes the Government had an opportunity to reply to the documents CSI submitted in response to the motion to dismiss. Thereafter, there is no assessment to any document purporting to be a DHS official's assessment of CSI and, as such, it appears Government's assessment is pure attorney-argument. *See* Gov't's Resp. at 6.

cases. *See* Gov't Resp. at 5. Specifically, the Government again insists that the DeLucia Declaration and CSI's standing/prejudice arguments were "offered too late to be considered," which misapplies the rule upon which it relies. *Id.* While the Federal Circuit and this Court have stated that arguments "raised for the first time in a reply brief" are considered waived, that is not what happened here. *See*, *e.g.*, *Sirius Fed., LLC v. United States*, 153 Fed. Cl. 410, 425-26 (2021). Contrary to the Government's contention, CSI ***did not*** raise any "new" arguments in its Response to Defendants Motions to Dismiss and Cross-Motions for Judgment on the Administrative Record and Reply in Support of Its Motion for Judgment on the Administrative Record. Instead, CSI quite clearly ***responded*** to arguments that ***Defendants*** raised in their motions to dismiss and cross motions for judgment on the administrative record. *See* CSI Resp./Repl. at 3–10.

Indeed, this is the normal course of briefing. As the Federal Circuit notes in the context of this waiver rule, "reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Novosteel SA v. United States, Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (emphasis in original). CSI has, within its rights, responded to arguments raised by Defendants for the first time; it has not introduced new legal issues. And, importantly here, both Defendants had the opportunity to then ***reply*** to CSI's response arguments, *see* Def.'s Reply in Supp. of Mot. To Dismiss and Cross-Mot. for J. on Admin. R., ECF No. 38 ("Gov't Reply"); Def.-Intervenor's Reply in Supp. of Mot. To Dismiss and Cross-Mot. for J. on Admin. R., ECF No. 39 ("Salus Reply"), thereby providing the Court will fully developed arguments and avoiding the situation the Federal Circuit discusses provides the foundation for the rule that arguments raised for the first time in reply briefs are waived. *See Novosteel SA*, 284 F.3d at 1274 ("Further, the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a

6

matter of litigation fairness and procedure, then, we must treat this argument as waived."). It is not the case that Defendants are permitted to articulate arguments in their motions to which CSI is not permitted to respond at all because it did not preemptively provide those arguments before Defendants even filed their motions. Moreover, the inequities of such an approach are obvious when both Defendants continue to rely on their arguments presented in their respective reply briefs as justification for prevailing in this case while at the same time arguing that the Court should not even consider CSI's position. *See* Gov't Resp. at 5–6; Salus Resp. at 7. Consequently, when the Court ***does*** reach the merits of this case in a decision, it should consider the information in CSI's Response/Reply, including the information in the DeLucia Declaration.

***Third***, and finally, the cases Defendants rely upon in support of their position are readily distinguishable and inapposite. For example, Salus cites *Island Creek Assocs., LLC v. United States*, 172 Fed. Cl. 729 (2024) in support of the assertion that CSI must establish qualified bidder status and prejudice to overcome futility, and, in Salus's estimation, has still failed to do so. Salus at 7. *Island Creek*, however, has no application here. That case involved an awardee of a multiple award IDIQ protesting the agency's modification of that IDIQ contract. *Island Creek,* 172 Fed. Cl. at 734–36. The Court found that the protester, as an awardee, was not an "actual or prospective offeror," and that it would be impossible to cure that defect through an amended complaint. *Id.* at 740–42. That case bears no relation to the facts here and certainly does not support Salus's contention that CSI's amendment would be futile.

Salus also cites *Monbo v. United States*, No. 24-CV-1683, 2025 WL 869037 (Fed. Cl. Mar. 19, 2025) for a similar proposition. *See* Salus Resp. at 8. But that case is similarly inapplicable. *Monbo* involved a post-award bid protest filed by a contractor that was presently debarred from contracting with the United States. 2025 WL 869037 at *1–3. The plaintiff sought to amend its

complaint to allege it had standing as a subcontractor and to add a count for *de facto* debarment. *Id.* *6–8. The Court denied the motion to leave, reasoning subcontractors by definition are not interested parties because they are not "actual or prospective bidders" and the *de facto* debarment claim failed to state a claim because the plaintiff was already formally debarred. *Id.* 6–7. The facts of *Monbo* simply have no application to CSI's protest.

In sum, Defendants have not established amending CSI's Complaint would be futile.

**B.    CSI Did Not Unduly Delay in Filing Its Motion And Granting CSI's Motion Will Not Unduly Delay This Protest**

This Court should also reject Defendants' assertions that undue delay provides sufficient cause to deny CSI's proposed amendment. Defendants' arguments in this regard are nothing more than an attempt to avoid a decision on the merits based on a "mere technicalit[y]," in direct contravention of the spirit of the Rules [of the Court of Federal Claims]. *See Foman*, 371 U.S. at 181. Because CSI has not unduly delayed in seeking leave to amend its Complaint, as evidenced by Defendants lack of any demonstrated prejudice, the Court should grant CSI's Motion.

According to Defendants, despite their waiting five months to file motions to dismiss, CSI should not be granted leave to amend its Complaint earlier. Defendants contend CSI unduly delayed filing its Motion because CSI did not seek leave until after learning at oral argument that the DeLucia Declaration submitted in response to their motions to dismiss was not being considered and after the Government recanted its representations to the Court that DHS did not intend to exercise the option years in Salus's award, which would have mooted this protest. Gov't Resp. at 6–10; Salus Resp. at 2–6. Notably, however, Defendants do not identify a single way in which they would be burdened or impacted by CSI amending its Complaint now. *See* Gov't Resp. at 6–10; Salus Resp. at 2–5. Nor do they comment on the fact that granting CSI's Motion will

8

resolve any potential question as to its standing would facilitate and expedite a proper decision on the merits, consistent with the purpose of the Rules of this Court, which provide that they "should be construed, administered, and employed . . . to secure the  just, speedy, and inexpensive determination of every action and proceeding." RCFC 1; *Foman*, 371 U.S. at 182.

In tacit recognition that the timing of CSI's amended Complaint would have, and has had, zero impact on the production of the Administrative Record, the parties' briefing schedule, or Defendants' ability to respond to CSI's protest, Defendants contend that this case simply being a bid protest is itself sufficient to transform ***any*** "delay" into "undue delay."[3] *See* Govt Resp. at 7 ("in the bid protest context where case timelines are greatly accelerated, a delay across several stages of the litigation, even if only spanning a few months, can be undue"); Salus Resp. at 3 ("[s]ince the bid protest process is designed to resolve disputes as quickly as possible, even relatively short delays may be unreasonable in the context of a bid protest" (quoting *Sonoran Tech. & Pro. Servs.*, 133 Fed. Cl. at 404).  Yet the only suggestion of hardship Defendants can muster for the present situation is that an earlier amendment "may" have resulted in them focusing a larger portion of their briefs on the merits rather than on the issue of standing. Gov't Resp. at 8–9; Salus

---

[3] The *Foman* Court's listing of acceptable reasons to deny leave—undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—can be interpreted using *noscitur a sociis* canon of construction. *Foman*, 371 U.S. at 182; *see Seventh Dimension, LLC, v. United States*, 160 Fed. Cl. 1, 22 (2022) ("we rely on the principle of *noscitur a sociis*—a word is known by the company it keeps—to 'avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words ….'" (quoting *Yates v. United States*, 574 U.S. 528, 543 (2015)); *see also United States v. Williams*, 553 U.S. 285, 295 (2008) ("[T]he commonsense canon of *noscitur a sociis* ... counsels that a word is given more precise content by the neighboring words with which it is associated.").

Applying that rule, "undue delay" is associated with egregious conduct such as "bad faith," "undue prejudice," and "repeated failure to cure deficiencies." This means "undue delay" is limited to serious misconduct or delay that is comparable to "bad faith." It cannot be interpreted broadly to include any instance of delay such that, as Defendants suggest, any failure to move to amend as a matter of course under RCFC 15(a)(1) would constitute "undue delay" and thus cause to deny leave under RCFC 15(a)(2). *See* Gov't Resp. at 8; Salus Resp. at 3, 4.

9

Resp. at 9. However, any alleged short-changing in the briefing was entirely self-imposed by the Government and Salus. Defendants chose to wait five months after CSI's Complaint was filed, and three months after CSI's merits brief was filed, to file their motions to dismiss in combination with their respective cross-motions for judgment on the administrative record. *See* Gov't Reply; Salus Reply. Defendants were free, at any time during the preceding five months, to file their motion to dismiss for failure to state a claim as a separate, standalone document, thereby ensuring that the standing issue remained detached from the merits briefing.  Defendants cannot now cite that decision as a basis for denying CSI's Motion.  Moreover, it is nothing if not ironic that both Defendants claim that they could have dedicated more briefing to the merits issues of this protest while at the very same time claiming that they already have demonstrated they should prevail on the merits in the previously submitted briefs. Gov't Resp. at 4–6; Salus Resp. at 8 ("Defendants have already shown that CSI will not succeed on the merits" (citing merits briefing)).

The cases cited by Defendants do not mandate a different conclusion. For example, Salus cites *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991), but the "significant delay" in that case was ***eight years***. *See* Salus Resp. at 2. It also cites *FreeAlliance.com, LLC*, 173 Fed. Cl. at 604–05, in which this Court found proposed amendment to add two new counts to the complaint was not unduly delayed; *Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992), involving a ***nine-year*** delay; and *Cupey Bajo Nursing Home, Inc. v. United States*, 36 Fed. Cl. 122 (1996), involving a ***four-year*** delay. *See* Salus Resp. at 2. None of these cases support Salus's position that CSI's Motion should be denied for undue delay. Salus and the Government both also cite *Sonoran Tech. & Pro. Servs.*, 133 Fed. Cl. at 401, as evidence for undue delay in a bid protest case, but that case is also readily distinguishable. Salus Resp. at 3; Gov't Resp. at 9. In *Sonoran*, the Court expressly noted that in

10

denying the motion for leave to amend (over which it had also determined it had no jurisdiction), it had "twice informed [the plaintiff] that [the information being sought from the SBA] was irrelevant to its complaint," but the plaintiff persisted despite the Court's multiple warnings. *Id.* at 405. No comparable judicial warnings were provided here prior to oral argument.

Finally, *Eagle Techs., Inc. v. United States*, 163 Fed. Cl. 692, 702 (2022), cited by both Defendants, involved a requested amendment in a post-award protest seeking to correct a mis-mapping of labor categories in the evaluated quotation, which would have fundamentally altered the protest. *Id.* at 702; Gov't Resp. at 7; Salus Resp. at 4. Here, however, CSI's proposed amendment will do no such thing. As CSI has explained, its proposed amendment merely seeks to incorporate information that the parties have already briefed and discussed into CSI's Complaint without altering any merits allegation relating to the Agency's conduct here. This also distinguishes this protest from *King v. United States*, 119 Fed. Cl. 51 (2014), cited by Salus, which involved an amended counterclaim sought to be filed two years into litigation and days before the close of discovery, that would have "fundamentally change[] the litigation and require additional discovery." *Id.* at 54–56; Salus Resp. at 3. Again, the circumstances of this case are entirely different and, importantly, CSI's amended Complaint will not require any additional briefing or change this protest in any way except to resolve the pending motion to dismiss.

Thus, none of the case law cited by Defendants support their position that CSI's Motion should be denied based on "undue delay." And the Court should find that there was no undue delay here. CSI first learned at oral argument of the possibility that the DeLucia Declaration submitted in response to Defendants' motions to dismiss may not be considered. Tr: 34:18–35:14. Moreover, during that hearing, the Government represented that "DHS['s] . . . intent is to solicit a free [sic] and open follow-on, and that presolicitation is expected to go out imminently." Tr: 77:20–24.

Based on that representation—and, it would appear, its view on the merits of DHS's conduct here—the Court directed the parties to meet and confer and provide a status report within 14 days after conferring "whether and how DHS may intend to moot the pending motions."  Order, ECF No. 48 at 2–3.  On the 14th day, and following two weeks of silence from DHS, the Government informed the Court and CSI that DHS had reversed course and decided instead to proceed with exercising the option years under Salus's contract rather than conduct a full and open competition for those services.[4]  By extension, DHS's conscious decision also resolved the possibility of this protest being moot.  CSI filed its Motion within two business days of that announcement.  That was not "undue delay," and CSI's motion for leave will make it easier, not harder, to resolve this case in accordance with the spirit of the rules of this Court.  Salus and the Government, on the other hand, seek to exploit a technicality to avoid a decision on the merits, a practice that the Supreme Court unequivocally denounced. *Foman*, 371 U.S. at 181.

## C.    Granting CSI's Motion Will Not Prejudice Defendants

Defendants will suffer no prejudice if CSI is granted leave to amend its Complaint.[5]  As CSI explained in its Motion, undue prejudice provides a justification for denying leave to amend only when a non-movant demonstrates that one of the following circumstances will result: "severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research shortly before trial due to the introduction of new evidence or legal theories; or excessive delay that is unduly burdensome." *FreeAlliance.com, LLC*, 173 Fed. Cl. at 608–09 (quoting *Square One*

---

[4] Interestingly, Salus indicates DHS made the decision not to issue a new RFP immediately after oral argument, but nevertheless waited two weeks to inform CSI and the Court. *See* Salus Resp. at 5 n.3.

[5] The Government does not even argue that it would be prejudiced. *See generally*, Gov't Resp.

*Armoring Servs. Co.*, 152 Fed. Cl. at 549–50). Further, "[m]ere annoyance and inconvenience . . . are insufficient bases to warrant a denial of a motion to amend." *Id.* (citation omitted).

Aside from generalized statements of devoting briefing space to standing rather than the merits, Salus contends "CSI's delay has caused Salus operational and financial uncertainty by holding the future of Salus' only federal prime contract in limbo." Salus Resp. at 9 (citing Cappel Decl. at ¶ 12). This argument provides no basis to deny CSI's Motion. Notably, Salus submitted the Cappel Declaration with its motion to dismiss and therefore, this statement cannot possibly relate to CSI's Motion. Rather, this appears to be a generalized grievance that CSI challenged the Agency's award of the contract to Salus in the first place, which is irrelevant to demonstrating prejudice resulting from CSI's Motion. *See Foman*, 371 U.S. at 182 (listing as potential grounds for denial of leave "undue prejudice to the opposing party *by virtue of allowance of the amendment*" (emphasis added)).[6]

Finally, Salus disputes CSI's assertion that its proposed amendments "go only to CSI's status as a qualified bidder" and do not introduce "new facts or legal theories." Salus Resp. at 9. Salus points to four paragraphs in CSI's proposed amended Complaint that Salus contends will warrant additional briefing to address CSI's "new arguments" as to DHS's market research and exclusion of CSI from the competition. *Id.* (citing Proposed First Am. Compl., ECF No. 52-2 ¶¶ 24, 41–42, 68). But in actuality, ***neither of those paragraphs includes any "new" information***.

Salus first takes issue with ¶ 24, which states "the RFP in Section L.6.6 expressly permitted Contractor Teaming Arrangements…." The substance of this quote was already contained in ¶ 58

---

[6] Salus asserts in a footnote that if CSI's Motion were to be granted, "Defendants would be required to file revised briefs with updated citations and references to reflect the amended complaint, actions that are both  unnecessary, costly, and may serve to further delay the resolution of this protest." Salus Resp. at 9 n.6. It is not clear why Salus believes this would be required or what purpose it would serve.

(updated to ¶ 59 in Proposed First Am. Compl.): "This is particularly unreasonable where the Solicitation expressly contemplated teaming arrangements. Ex. 4 at 76 (Authorizing Contractor Teaming Arrangements); Ex. 7 at 68 (same)." Proposed First Am. Compl. at 25, ¶ 59. It was also contained in CSI's opening brief. Pl.'s MJAR at 25. Thus, there is no basis for Salus to demand additional briefing based on this paragraph.

Salus next contends that ¶¶ 41–42 are "new." Salus Resp. at 9. But these paragraphs are unchanged from the DeLucia Declaration. *Compare* Proposed First Am. Compl ¶¶ 41–42, *with* DeLucia Decl., ECF No. 36-1 at ¶¶ 20–21. In fact, Salus already addressed those precise paragraphs in its Reply brief. Salus Reply at 4. Thus, this too does not warrant additional briefing.

Finally, Salus claims ¶ 68 of CSI's Proposed First Amended Complaint is "new." Salus Resp. at 9 ("there would have been a substantially different pool of offerors"). Here again, this statement previously was included in CSI's original Complaint. *See* Proposed First Amended Compl. at 23 ¶ 52; Compl., ECF No. 1 at 16 ¶ 51 ("there would have been a substantially different pool of eligible offerors"). So once again, Salus's argument provides no basis for requesting additional briefing.

At bottom, Defendants have failed to establish *any* prejudice, must less *undue* prejudice. Accordingly, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

14

## II.    Conclusion

For these reasons and the reasons set forth in CSI's Motion, in order to resolve any outstanding issues as to its standing to bring this bid protest and to moot Defendants' motions to dismiss, CSI requests that the Court grant CSI leave to amend its Complaint to add factual allegations that already have been presented to the Court, that have been fully addressed in the parties' briefing, and that would not alter either CSI's challenges to the solicitation or Defendants' responses to those challenges.

Dated: March 13, 2026

Respectfully submitted,

*/s/ Jennifer S. Zucker*
Jennifer S. Zucker
Jzucker@velaw.com

*Of Counsel:*

VINSON & ELKINS LLP

Tyler E. Robinson

2200 Pennsylvania Avenue, NW

trobinson@velaw.com

Suite 500 West

Chris O'Brien

Washington, DC 20037

cobrien@velaw.com

Telephone: (202) 639-6506

VINSON & ELKINS LLP

2200 Pennsylvania Avenue, NW

*Attorney of Record for Plaintiff*

Suite 500 West

*CSI Aviation, Inc.*

Washington, DC 20037

Telephone: (202) 639-6565

15