**Redacted Version**

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

| | | |
|---|---|---|
| CSI AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-1338C |
| | ) | (Chief Judge Matthew H. Solomson) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SALUS WORLDWIDE SOLUTIONS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Defendant, the United States, respectfully submits this response in opposition to the request, filed by plaintiff, CSI Aviation, Inc. (CSI), that the Court take judicial notice of congressional inquiries related to defendant-intervenor, Salus Worldwide Solutions Corporation (Salus). Request for J. Not. (Request), ECF No. 61. CSI has failed to identify any adjudicative facts that qualify for the taking of judicial notice and the Court should therefore deny the request.

## BACKGROUND

CSI filed a bid protest on August 11, 2025, alleging that the Department of Homeland Security (DHS) improperly invoked Federal Acquisition Regulation (FAR) 6.302-2 to limit competition for its Comprehensive Support for Removal Operations (CSRO) procurement. ECF No. 1. The parties briefed the merits of the protest as well as a threshold standing issue and the Court held oral argument on February 5, 2026.

1

On April 14, 2026, CSI filed a request that the Court take judicial notice of "the recent congressional inquiries directed at [Salus] related to potential corruption, self-dealing, and mismanagement at [DHS] under the leadership of then-Secretary Kristi Noem and Corey Lewandowski." Request at 1. CSI attached to its request three letters sent to Salus's Chief Executive Officer from various members of Congress:

> (1) a March 24, 2026 letter from three United States Senators requesting that Salus "preserve all records and communications related to Corey Lewandowski from January 1, 2024 to date and an ongoing basis moving forward,";

> (2) a March 30, 2026 letter from seven members of the Senate Committee on Homeland Security and Government Affairs identifying allegations in certain news reports that Mr. Lewandowski solicited personal payments from Government contractors, including Salus, in exchange for favorable contract decisions, and requesting that Salus preserve and provide records related to interactions with Mr. Lewandowski and DHS contracting officials; and

> (3) an April 2, 2026 letter from the ranking member of the Senate Committee on Oversight and Government Reform identifying the same reporting and requesting similar documents as well as responses to a number of questions about Salus's interactions with Mr. Lewandowski.

Request at 2-3; ECF No. 61-1. It is somewhat unclear from the request exactly what facts CSI asks the Court to take judicial notice of.

## ARGUMENT

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. Fed. R. Evid. 201(a); *see also Confidential Informant 59-05071 v. United States*, 134 Fed. Cl. 698, 711 (2017) ("The Court of Federal Claims may take judicial notice consistent with the provisions of Federal Rule of Evidence (FRE) 201."). Adjudicative facts are "those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses." Fed. R. Evid. 201 advisory comm. note (quotations omitted). The Court may judicially notice an adjudicative fact

"that is not subject to reasonable dispute" because it (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court must take notice if a party requests it and the Court "is supplied with the necessary information." Fed. R. Evid. 201(c).

Here, CSI asks the Court to take judicial notice of information that meets neither of the requirements of an adjudicative fact. CSI appears to ask the Court to consider—apparently as undisputed fact—the underlying allegations contained in the news reports and identified in the congressional letters. In its request, CSI claims that "there is no reasonable dispute of the facts [sic] that there are multiple congressional inquiries into 'improper influence, corruption, or other violations of federal law'" and contends that "[t]hese probative facts are directly relevant to Plaintiff's allegations that DHS's actions and pretense of a competition leading to the CSRO award to Salus[—]a  nearly one billion dollar contract[—]subverted the procurement process, foreclosed fair competition, and violated law and regulation." Request at 4. In other words, CSI puts forth for the Court to adopt the mere fact that there are congressional inquiries as the substantiation of its allegations of improper procurement actions.

The letters themselves demonstrate the disputed nature of the allegations. The March 24 letter says, "a lawyer for Salus apparently vehemently denied these allegations and stated that any such communications would have resulted in a referral to law enforcement." Ex. A to Request, ECF No. 61-1. The March 30 and April 2 letters acknowledge that the conduct alleged has not been proven. *Id.* at Ex. B ("*If true*, this conduct constitutes blatant corruption and a violation of federal bribery and procurement integrity laws and regulations." (emphasis added));

Ex. C ("*If these claims . . . are accurate . . .*" (emphasis added)).  The basis for the investigation

is, on its face, "subject to reasonable dispute."  Fed. R. Evid. 201(b).

CSI cites *CliniComp International v. United States*, 134 Fed. Cl. 736, 749 (2017), in

support of its request that the Court take judicial notice of the letters.  Request at 4.  In

*CliniComp*, the Court acknowledged that it could take judicial notice of congressional *reports*—a

wholly different proposition than letters seeking information.  134 Fed. Cl. at 749.  Without

analysis, the Court acknowledged that "the existence *and contents* of these congressional reports

are matters of public record and *not subject to reasonable dispute*."  *Id.* (emphasis added).[1]  As

demonstrated above, the facts contained in the letters CSI presents are disputed *prima facia*.

To the extent CSI simply asks the Court to take judicial notice of the existence of the

letters:  to what end?  The subject matter of the investigations, as demonstrated above, is not

appropriate for judicial notice, and mere existence of Congressional correspondence has no

bearing on this protest, nor is it necessary for the Court to resolve the parties' disputes.  Put

another way, investigations do not equal adjudicative facts, much less proof of their allegations.

Even if the letters or their content were an appropriate subject for judicial notice—they

are not—CSI seeks to use judicial notice as an end-run around justifying supplementation of the

administrative record in this case.  Bid protest review is based upon an administrative record, *see*

5 U.S.C. § 706, which generally includes "all the material that was developed and considered by

---

[1]  Although the Court in *CliniComp* acknowledged that congressional reports can be judicially noticed, it nevertheless struck citations to the reports from the Government's filings because it determined that the existing administrative record contained sufficient information for the Court to resolve the merits of the protest.  134 Fed. Cl. at 749.  As demonstrated below, even if the identified congressional letters could be judicially noticed—they cannot—CSI has offered no argument or evidence to demonstrate that the administrative record in this case is insufficient for judicial review.

the agency in making its decision." *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997); *see also, e.g.*, *Software Eng'g Servs., Corp. v. United States*, 85 Fed. Cl. 547, 552-53 (2009).  In a bid protest, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  "The task of the reviewing court is to apply the appropriate [Administrative Procedure Act (APA)] standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (quoting *Axiom*, 564 F.3d at 1379).  "The purpose of limiting judicial review to the record actually before the agency is to guard against courts using new evidence to 'convert the 'arbitrary and capricious' standard into effectively de novo review.'"  *Id.* (quoting *Axiom*, 564 F.3d at 1380).

A protestor may move to supplement the administrative record if it believes that the Court should consider additional documents that are not properly a part of the administrative record.  *See, e.g.*, *Poplar Point RBBR, LLC v. United States*, 145 Fed. Cl. 489, 494 (2019). However, "supplementation of the record should be limited to cases in which the omission of extra-record evidence precludes effective judicial review," and "[j]udicial review is 'effective' if it is consistent with the APA." *AgustaWestland*, 880 F.3d at 1331 (citation omitted). "The party seeking to supplement the administrative record bears the burden of demonstrating why the existing record is insufficient." *Constr. Helicopters Inc. v. United States*, 169 Fed. Cl. 102, 108 (2024) (citation omitted).  Also, before supplementing the administrative record, the trial court is "required to explain why the evidence omitted from the record frustrated judicial review as to the ultimate question of whether [the agency action] was arbitrary and capricious." *AgustaWestland*,

880 F.3d at 1332.  Otherwise, it is "an abuse of discretion to supplement the administrative record" or to "rely[] on the supplemental evidence to reach [a] decision."  *Id.* at 1328, 1332; *accord Axiom*, 564 F.3d at 1380 ("[T]he trial court abused its discretion in this case" by failing "to make the required threshold determination of whether additional evidence was necessary.").

CSI has made no effort to justify consideration of the congressional inquiries under this standard.  Indeed, for the first time in this protest, CSI invokes allegations of bad faith.  Request at 4.  However, CSI did *not* pursue its protest on the basis of bad faith or favoritism or any other argument relating to Salus's alleged relationships with anyone at DHS, a point the Court recognized during oral argument.  *See id.* (citing Oral Arg. Tr., ECF No. 50, at 104:18–21).  There is no justification for the Court to consider the identified congressional investigations as part of its review of the reasonableness of this specific procurement and the actions actually challenged by CSI.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny CSI's request to take judicial notice of congressional investigations.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

DOUGLAS K. MICKLE
Acting Deputy Director

| | |
|---|---|
| OF COUNSEL: | s/ Reta E. Bezak |
| Rina E. Tarini | RETA E. BEZAK |
| Acting Deputy Associate General Counsel | Senior Trial Counsel |
| Acquisition and Procurement | Commercial Litigation Branch |
| General Law Division | Civil Division |
| Office of the General Counsel | Department of Justice |
| Department of Homeland Security | P.O. Box 480 |
| rina.martinez@hq.dhs.gov | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | Tele: (202) 305-5633 |
| | Reta.E.Bezak@usdoj.gov |

April 17, 2026                                         *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2026, I caused the foregoing

"DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE" to be

served on the parties via the following e-mail addresses in accordance with Rule 5(b)(2)(E):

jzucker@velaw.com; sflesch@milchev.com.

s/ Reta E. Bezak
RETA E. BEZAK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Ben Franklin Station
P.O. Box 480
Washington, D.C. 20044
(202) 305-5633
reta.e.bezak@usdoj.gov

*Attorney for Defendant*